# Bemus *against* Quiggle.

If parties agree to consolidate actions and thus combine different causes of action and refer the whole to referees under the act of 1705, neither party can afterwards except to the award on the ground of informality.

ERROR to the common pleas of *Crawford* county.

William Quiggle against Daniel Bemus.

William Quiggle, who was plaintiff below, had brought two suits against the defendant, viz. an action of covenant, and an action on the case, to November term 1834. These causes were arbitrated at June 1835 and the arbitration struck off, and at November 1835 the parties entered into an agreement in the action of covenant as follows:

"It is agreed that with the trial of the above cause, there shall be also tried with it, and in connection with the same, an action of account render, founded upon the store and partnership transactions of the parties, to have the same effect as if an action of account render had been brought by the plaintiff against the defendant, and that the arbitrators award upon the same indiscriminately with the action of covenant."

This was also struck off by consent and the cause to be tried by a jury; but the agreement concerning the action of account render to stand, and the whole matter to be tried as then stated. The plain-

[Bemus v. Quiggle.]

tiff to file declarations in covenant and account render, and the defendant to plead without regard to form, but to try on the merits so that the cause may be tried at next term.

*N'arrs.* were filed and pleas put in, but the cause was not tried, and was again on the issue list, when on the 30th of January 1836 the following agreement was made.

"William Quiggle *v.* Daniel Bemus; Nos. 48 and 49 of November 1834. It is agreed to submit the trial of these two causes to A. Huidekoper, C. Hastings and William Benedict, with leave to substitute, to meet on ten days' notice by plaintiff. Their award or a majority to be final and conclusive, without the right of appeal or filing exceptions."

This was signed by the attorneys of plaintiff and defendant.

On the 21st of March William Foster was by agreement in writing substituted in the room of William Benedict who refused to serve ; and the next day William W. White was by the parties substituted for Mr Hastings who did not attend.

After several adjournments and sitting fourteen days, the arbitrators made on the 9th of May 1837 the following award.

"After having heard the parties together with their proofs and allegations, we award for William Quiggle, the plaintiff in the several cases submitted to us, the sum of 326 dollars 31 cents, together with costs of suit. Daniel Bemus the defendant to have the stock of goods on hand at the store where William Quiggle left the same, together with all accounts on the books, and the notes and due bills given for merchandize at the said establishment."

The arbitrators then make some representation of the number of witnesses brought before them, the mass of books and papers and accounts laid before them and claimed as *credits* by the respective parties, contradictory statements and want of positive evidence on many points, and say they did the best they could, &c. &c. ; and all signed the report.

The prothonotary entered judgment on this report, and issued execution to August 1837. At that time motion was made to set aside this judgment and execution, and on the 25th of October they were set aside, and defendant filed exceptions to the award.

1. The reference is not made a rule of court, and is an award at common law, and included matters not in issue in this suit, viz. the action of account render.

2. The arbitrators ought to have awarded severally in each action.

The same day the exceptions were dismissed, and judgment on the award.

The only error assigned is, that the court erred in entering judgment on the award.

*Pearson,* for plaintiff in error, cited, 1 *Dall.* 314 ; 1 *Serg. & Rawle* 24 ; 3 *Watts* 320 ; 4 *Watts* 77 ; 3 *Penn. Rep.* 270.

*Church* and *Derrickson,* for defendant in error, cited, 5 *Serg. & Rawle* 52 ; 6 *Binn.* 422 ; 1 *Serg. & Rawle* 215 ; 3 *Penn. Rep.* 291 ; 1 *P. A. Browne* 14.

The opinion of the Court was delivered by

Huston, J.—No objection was made it would seem in the court below as to the justice of the award, or the conduct of the arbitrators. The objections are precisely such as the parties agreed not to make. If two causes had been submitted to arbitrators, it is quite probable they would have made separate awards : but the parties agree that they shall in the action of covenant investigate the matters in that of account render, and award on the whole indiscriminately ; and this part of the first agreement was expressly retained when the first reference was struck off ; and in the last attempt to try by a jury, they agreed to try both together and waive all form. The last agreement to refer both causes by the attorneys is framed to meet difficulties as to form : the award is to be conclusive and neither party to file any exception.   It would be strange if after all this the court would permit the repeated agreements to be disregarded, and listen to mere formal objections.   The cases in 3 *Penns. Rep.* 99, 291 are decisive, and ought to have put this matter at rest.

By the act of 1705, parties or their attorneys might consent to a rule of court for referring the cause to persons mutually chosen in open court.   The award being approved by the court and entered on the record shall have the effect of a verdict, &c.

It has been observed, in one of the cases cited by Justice Duncan, that most cases referred had been in vacation and not in open court ; and in all the cases cited on the argument, there was not one in which it appeared that the reference had been made, by any entry on the docket, a rule of court.   I rather think I never saw on any docket that the reference was made a rule of court ; and none of my brother judges have any other impression.   In point of fact, as the parties have the right to refer and the court cannot restrain this right, it would be idle to ask for a rule of court, and it is never asked ; and long and universal practice has made it unnecessary.

The first exception is drawn without consideration ; a reference at common law is one where there is no cause in court, and may include every thing in dispute between the parties.   The exception is, that it is at common law and included matters not in issue in this suit. Now if it was in a suit, it was not at common law ; and the including matters not in issue in that suit would have been error if the agreements before stated had not been made.

When partners differ, and one goes off and leaves the store and books with the other, and brings covenant on the articles of agreement, it is not easy to ascertain the damages until an account is taken and the whole investigated ; no final and just conclusion can be arrived at until this is done ; the parties were aware of this ; perhaps

[Bemus v. Quiggle.]

no jury can investigate the books and ascertain the state of accounts of a firm of long standing and whose transactions have been very various.    The parties knew this and provided for it.    The award, being under the act of 1705, must be approved by the court ; and the judgment entered by the prothonotary on the award, before it was seen by the court, was irregular and was set aside, and with it the execution issued on that judgment.    Exceptions were then filed and properly overruled, and judgment entered on the award : and the only error is in defendant, who has attempted to violate his own repeated deliberate agreements ; and that so far as we can see without cause.

Though it is not assigned as error, something was said about the award being conditional, and that Quiggle must perform his part before he is entitled to execution.    But it is not so.    The award does not direct him to do any thing.    It states that the goods, books, &c. which have been left by him in the hands of D. Bemus shall be the property of Bemus; and Quiggle, by assenting to the award, affirms this.  If, before issuing execution, he should resume the possession of the property, the court will stay his execution : if, after collecting his money, he should take possession of any of the property or collect any of the debts, he will be liable to an action.    But I will not go further or more minutely into this matter : the record has not presented this as a point to be decided.    I may add, that our practice admits that, to a certain extent, verdicts or awards may be conditional, and our reports show that such have been supported in court.

Judgment affirmed.